UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DEANDRE JEROME BARNES,

Petitioner,

v.

STATE OF MINNESOTA and MICHAEL HATCH,

Respondents.

---

Civil No. 01-2025 (MJD/JGL)

**REPORT AND RECOMMENDATION**

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court finds that all of Petitioner's habeas corpus claims have been procedurally defaulted, and cannot be entertained on the merits here. It will therefore be recommended that Petitioner's application for writ of habeas corpus be SUMMARILY DISMISSED, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In November 2000, Petitioner pleaded guilty to second degree murder in the state district court for Hennepin County, Minnesota. He was sentenced to 25 years in prison, and he is currently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-5.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED DEC 11 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

After he was sentenced, Petitioner filed a direct appeal with the Minnesota Court of Appeals, contending that his conviction should be vacated because he did not understand what he was doing when he pleaded guilty. The Minnesota Court of Appeals rejected Petitioner's claim and affirmed his conviction. State v. Barnes, No. C4-00-2094 (Minn.App. 2001), 2001 WL 826883 (unpublished opinion). Petitioner did not seek further appellate review in the Minnesota Supreme Court. (Petition, p. (3), ¶ 8(c) and p. (4), ¶ 11(c).)

Petitioner filed his current application for federal habeas corpus relief on November 6, 2001. This petition lists two claims for relief:

> (1) that Petitioner's conviction should be vacated because he "was on medication when his guilty plea was given, and [he] did not fully understand the nature of his plea;" and
>
> (2) that Petitioner was denied effective assistance of counsel at the trial court level, because (in his words) "my two attorneys got me to enter a plea to more time then I would have received had I took [sic] my case to trial."

(Petition, p. (5), ¶ 12.)

Because neither of Petitioner's current habeas corpus claims has been fully litigated in the Minnesota state courts, and it is now too late for that to happen, the instant petition must be dismissed, in its entirety, based on the principles of procedural default.

## II. DISCUSSION

### A. Applicable Legal Principles

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its

purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 842; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). In other words, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. State prisoners who have the right to seek discretionary review in the state's supreme court must exercise that right, and seek such review, in order to satisfy the exhaustion of state remedies requirement. Id. at 847.

When a prisoner has not exhausted his state court remedies with respect to some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). See also O'Sullivan, 526 U.S. at 848 (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims). A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim.

Coleman, 501 U.S. at 750.

The rules governing procedural default have been summarized by the Supreme Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice".

Id.

The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). In other words, the petitioner cannot simply point to errors that allegedly occurred during the course of his criminal prosecution; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the crime for which he was convicted.[2]

---

[2] "The actual innocence exception is concerned with claims of actual, not legal innocence. Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [Schlup, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see Sawyer v. Whitley, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, see Schlup, 513 U.S. [at 324]... and exculpatory scientific evidence." **[continued....]**

B. Petitioner's Procedural Default

In this case, all of Petitioner's current habeas corpus claims have been procedurally defaulted, because not one of them has been fairly presented to the highest available state court, (namely the Minnesota Supreme Court), and it is now too late to do so.

Petitioner could have asked the State Supreme Court to review the Court of Appeals' decision upholding his conviction on direct appeal, but he did not file a petition for further review. See Minn. R. App. P. 117. Because he failed to complete his state appeal rights, Petitioner deprived the Minnesota Supreme Court of any opportunity to consider any of his challenges to his conviction. He has therefore failed to exhaust his available state court remedies with regard to any of the claims presented here.

Furthermore, it is now too late for Petitioner to return to the state courts and attempt to satisfy the exhaustion requirement. He was required to seek further review in the Minnesota Supreme Court, on his direct appeal, within thirty days after the Court of Appeals' decision affirming his conviction. Minn. R. App. P. 117, subd. 1. Because he did not pursue his state court appeal rights in a timely manner, he is now procedurally barred from seeking any further state court review of his current challenges to his conviction.[3]

---

Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996). For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

[3] It should be noted that the second claim listed in Petitioner's current habeas corpus petition -- i.e., his ineffective assistance of counsel claim -- has never been raised in any previous state court proceeding. That claim has been defaulted, because neither the State Court of Appeals nor the State Supreme Court has been given a chance to consider it. Moreover, it is now too late to return to the state courts and raise his ineffective assistance claim in a post-conviction motion, (see Minn.Stat. § 590.01 et seq.), because

Thus, the Court finds that all of Petitioner's current claims for relief have been procedurally defaulted.

C. Cause and Prejudice/Actual Innocence

The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default. Petitioner has not specifically attempted to satisfy either the cause and prejudice standard, or the actual innocence standard, and the Court cannot independently discern any proper basis to excuse his procedural default.

In order to satisfy the "cause" requirement, a prisoner must show that some external impediment prevented him from presenting his claims to the state's highest court in a timely and procedurally proper manner. Coleman, 501 U.S. at 753 ("'cause' under the cause and prejudice test is something external to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'"), (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis in the original). In this case, the Court finds no external cause for Petitioner's procedural default.

Petitioner contends that his ineffective assistance of counsel claim, (ground two of the current petition), was not raised on direct appeal because the lawyer who handled the

---

Minnesota law provides that once a prisoner has completed his direct appeal, he is precluded from litigating any additional claims that could have been raised on appeal, but were not. McCall, 114 F.3d at 757, citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). Because Petitioner could have raised his ineffective assistance claim on direct appeal, but failed to do so, the state courts are not required to consider it now. See Dent v. State, 441 N.W.2d 497, 499 (Minn. 1989); Fratzke v. State, 450 N.W.2d 101, 102 (Minn. 1990); Zenanko v. State, 587 N.W.2d 642, 644 (Minn. 1998).

direct appeal never brought the ineffective assistance claim to Petitioner's attention. (Petition, p. (6), ¶ 13.) Petitioner also contends that the Public Defender's Office was supposed to challenge the Court of Appeals' decision on his behalf, but no one ever filed a petition for further review in the State Supreme Court. (Petition, p. (4), ¶ 11(d).) In light of these two assertions, it appears that Petitioner may be trying to claim that his procedural default should be excused because it is attributable to ineffective legal assistance by his counsel on appeal.

Ineffective assistance of counsel can constitute cause to excuse a procedural default, but only if that ineffective assistance claim has itself been fully exhausted in the state courts. Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995), cert. denied, 517 U.S. 1172 (1996). In other words, "ineffective assistance of counsel must be presented to the state court as an independent claim before it can be used to establish cause for a procedural default." Lee v. Kemna, 213 F.3d 1037, 1038 (8th Cir. 2000) (per curiam), cert. granted, 121 S.Ct. 1186 (2001). See also, Wyldes, 69 F.3d at 253 ("[t]he Supreme Court has stated, and we, naturally, have insisted, that 'a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'"), quoting Murray, 447 U.S. at 489; Morris v. Norris, 83 F.3d 268, 271 (8th Cir. 1996) (same). Because Petitioner has not presented any ineffective assistance of counsel claim to any state court, he cannot rely on ineffective assistance of counsel to excuse his procedural default.

Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component. Wyldes, 69 F.3d at 253-54. See also Ashker v. Class, 152 F.3d 863, 871 (8th

Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same).

Finally, Petitioner does not qualify for the "actual innocence" exception, because he has offered no new evidence to affirmatively demonstrate that he did not commit the crime for which he was convicted. See footnote 2, supra. All of Petitioner's current claims for relief pertain to errors that allegedly affected the validity of his guilty plea. He has not cited any new, previously undiscoverable, evidence, which would prove that he is, in fact, innocent of the crime for which he was convicted. Therefore, he cannot overcome his procedural default by way of the actual innocence exception.

## III. CONCLUSION

The Court concludes that all of Petitioner's habeas corpus claims have been procedurally defaulted because they were never presented to the Minnesota Supreme Court. Moreover, Petitioner cannot overcome his procedural default, either by satisfying the cause and prejudice requirement, or by presenting new evidence establishing his actual innocence. It follows that none of Petitioner's current grounds for relief can be entertained on the merits here. It is therefore recommended that the instant petition be dismissed with prejudice.

Because the habeas corpus petition must be dismissed, Petitioner's motion for appointment of counsel, (Docket No. 2), should be denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that**:

1. Petitioner's "Motion For The Appointment Of Counsel," (Docket No. 2), be **DENIED**; and

2. Petitioner's application for writ of habeas corpus, (Docket No. 1), be **DISMISSED WITH PREJUDICE**.

Dated: November 9, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by Nov. 29, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.